PD-0691-15

IN THE

TEXAS COURT OF CRIMINAL APPEALS

JAMES NOAH APPLON                          )

Petitioner

                                           )

        VS,                                     No. 14-14-00092-CR

                                           )

THE STATE OF TEXAS

Respondent

# PETITION FOR DISCRETIONARY REVIEW

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 04 2015

Abel Acosta, Clerk

Oral argument is waived

JAMES NOAH APPLON

Pro Se

INDEX

LIST OF AUTHORITIES

I. STATEMENT OF THE CASE

II. PROCEDURAL HISTORY OF THE CASE

III. QUESTIONS PRESENTED FOR REVIEW

A. Whether trial counsel's performance was ineffective because he failed to file a motion for discovery and inspection of evidence on his client's behalf pursuant to Art. 39.14, Tex. Code Crim. Proc. Ann.

B. Whether prosecutorial misconduct was established by the State's failure to timely disclose prejudicial statements outside the presence of a jury rather than during guilt/innocence phase of trial without notice.

C. Whether trial counsel was ineffective because he failed to challenge the State's offer of proof that Petitioner, despite the fact others were present exercised actual care, custody, control, or management of the three (3) loaded weapons found in his girlfriend's bedroom.

IV. REASON FOR REVIEW

A. Trial counsel's actions fell outside the wide range of reasonable and professional assistance as soon as he decided not to compel the State to produce exculpatory evidence outside the presence of the jury in a pretrial hearing.

B. Court of Appeals incorrectly held that Petitioner failed to show prejudice because trial counsel's objection is firmly rooted in the record.

INDEX (CONTINUED)

C. The Court of Appeals incorrectly held that a rational jury could have found beyond a reasonable doubt that the scintilla of evidence presented was legally sufficient to support the Petitioner's conviction.

V. CONCLUSION AND PRAYER

VI. CERTIFICATE OF SERVICE

LIST OF AUTHORITIES

I. CASES

Handy v. State, 189 S.W.3d 296 (Tex. Crim. App. 1987)

Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005)

II. CONSTITUTION

Federal                    Fourth, Fifth, and Sixth Amendment

III. STATUTES

Texas Code of Criminal Procedure    Art. 39.14

IN THE

TEXAS COURT OF CRIMINAL APPEALS


JAMES NOAH APPLON                    )

Petitioner

                                     )

        VS.                                    No. 14-14-00092-CR

                                     )

THE STATE OF TEXAS

Respondent


# PETITION FOR REVIEW


To the Honorable Court of Criminal Appeals:


# STATEMENT OF THE CASE


Trial counsel's failure to vigorously challenge the factual and constitutional merits of the prosecution's case has essentially deprived him of both a meaningful trial and appeal. In the interest of justice Petitioner has requested that this Court review the ineffective assistance and prosecutorial misconduct claims which are apparent from the record.


# PROCEDURAL HISTORY OF THE CASE


Petitioner was indicted for being a convicted felon in possession of the three (3) loaded weapons seized from his girlfriend's residence.

2

Following a jury trial, petitioner was found guilty and pleaded "true" to an enhancement allegation before the trial court sentenced him to seven years in prison.

# QUESTION PRESENTED FOR REVIEW

Whether trial counsel's performance was ineffective because he failed to file a motion for discovery and inspection of evidence on his client's behalf pursuant to Art. 39.14, Tex. Code Crim. Proc. Ann.

# REASON FOR REVIEW

Trial counsel's actions fell outside the wide range of reasonable and professional assistance as soon as he decided not to compel the State to produce exculpatory evidence outside the presence of the jury in a pretrial hearing. See Affidavit attached.

It is reasonable to conclude that trial counsel failed to have a firm command of the facts before he agreed to proceed trial without a ruling on both a motion to discover and suppress evidence later found to be inadmissible. Handy v. State, 189 S.W.3d. 296, (Tex. Crim. App. 1987). Essentially, petitioner was deprived of both a meaningful trial and appeal which is firmly rooted in the record. Salinas v. State, 163 S.W.3d. 734, 740 (Tex. Crim. App. 2005). The presumption that counsel's conduct was reasonable has been overcome by the fact that he knowingly relieved the State of it's burden to produce the alleged felony warrant before the Court in a pretrial hearing. And as a result, the Petitioner's rights under the Fourth, Fifth and Sixth Amendments of the United States Constitution

3

have been violated. It is now the Petitioner's understanding that, not the State, but his trial counsel bore the burden of establishing in the absence of proof that a valid felony warrant existed at the time weapons were seized from the residence. Had counsel protested that material facts were intentionally hidden and filed a motion to compel discovery, the results of the trial would have been different.

## QUESTION PRESENTED FOR REVIEW

Whether prosecutorial misconduct was established by the State's failure to timely disclose prejudicial statements outside the presence of a jury rather than during guilt/innocence phase of trial without notice.

## REASON FOR REVIEW

Court of Appeals incorrectly held that Petitioner failed to show prejudice based because trial counsel's objection is firmly rooted in the record. Specifically, the State intentionally presented hearsay statements related to several incidents involving a shooting during cross examination of Petitioner's girlfriend. Essentially, the statements though unfounded had improperly alluded to Petitioner's exercise of his right to not testify inorder for purposes of setting the record straight. This apparent violation of due process was a staggering blow to the defense and had absolutely no probative value. The fact that this reversible error was harmful and requiring a new trial Petitioner need not explain what is understood based on a cursory review of the record.

4

## QUESTION PRESENTED FOR REVIEW

Whether trial counsel was ineffective because he failed to challenge the State's offer of proof that Petitioner, despite the fact others were present, exercised actual care, custody, control, or management of the three (3) loaded weapons found in his girlfriend's bedroom.

## REASON FOR REVIEW

The Court of Appeals incorrectly held that a rational jury could have found beyond a reasonable doubt that the scintilla of evidence presented was legally sufficient to support Petitioner's conviction.

It is clearly a miscarriage of justice to be convicted of possession without offering independent facts describing which out of the three (3) weapons was linked to Petitioner in light of the circumstances. It appears that counsel abandoned his client by failing to challenge the sufficiency of the evidence offered by the State, and as a result this conviction is based solely on Petitioner's fortuitous proximity to the weapons. The fact that police saw others moving around in the house could have served as a rational inference that they were transporting the firearms to the bedroom because it was a possibility that the officers would enter the home. (RR-V; p. 24, 32, 43)

## CONCLUSION

Accordingly, Petitioner's conviction should be reversed and order of acquittal is appropriate or an order of new trial issued.

## CERTIFICATE OF SERVICE

I, James Noah Applen Petitioner, Pro Se, hereby certify that a true and correct copy of the foregoing Petition for Review has been delivered to the prosecuting attorney, and to the State's Attorney, at Austin, Texas, by forwarding to the clerk, this the 15 day of July, 2015.

James Applen
Petitioner Pro Se

RIS COUNTY SHERIFF'S OFFICE JAIL

: James Applon

0155650 ____ Cell: 301

t 1200 Baker

      Houston, Texas 77002

N HOUSTON
TX 773
23 JUL '15
PM 7 L

HCSO



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002   $ 000.70⁵
02 1W
0001374179 JUL. 23. 2015

LEGAL MAIL

14th District Court of Appeal
1307 San Jacinto, 11th floor
Houston, TX 77002

**DIGENT**     7700270I8I8

---

RIS COUNTY SHERIFF'S OFFICE JAIL

: James Applon

0155650   Cell: 351

1200 Baker

      Houston, Texas 77002

N HOUSTON
TX 773
23 JUL '15
PM 7 L

HCSO



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002   $ 000.70⁵
02 1W
0001374179 JUL. 23. 2015

LEGAL MAIL

14th District Court of Appeals
1307 San Jacinto 11th floor
Houston, TX 77002

**DIGENT**     7700270I8I8

COUNTY SHERIFF'S OFFICE JAIL

mes Applon

56560        Cell: 3C1

20. Baker

Houston, Texas 77002

N HOUSTON
TX 773
23 JUL '15    HCSO
PM 5 L



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002   $ 000.70⁵
02 1W
0001374179 JUL. 23. 2015

INDIGENT Legal Mail

14th District Court of Appeal
1307 San Jacinto 11th floor
Houston, TX 77002

77002701818

---

OUNTY SHERIFF'S OFFICE JAIL

mes Applon

6560        Cell: 3C1

Baker

Houston, Texas 77002

N HOUSTON
TX 773    HCSO
23 JUL '15
PM 3 L

U.S. POSTAGE >> PITNEY BOWES

ZIP 77002   $ 000.70⁵
02 1W
0001374179 JUL. 23. 2015

Legal Mail

NDIGENT

14th District Court of Appeals
1307 San Jacinto 11th floor
Houston, TX 77002

77002701818

COUNTY SHERIFF'S OFFICE JAIL
ames Applon
56560      Cell: 3C1
QO Baker
Houston, Texas 77002

HCSO
N HOUSTON
TX 773
23 JUL '15
PM 11



U.S. POSTAGE >> PITNEY BOWES
ZIP 77002   $ 000.70⁵
02 1W
0001374179 JUL. 23. 2015

LEGAL MAIL

14ᵗʰ
District Court of Appeals
1307 San Jancinto 11ᵗʰ flood
Houston, TX 77002

DIGENT

7700270l8l8

---

IS COUNTY SHERIFF'S OFFICE JAIL
James Applon
l556560     Cell: 3C1
2OO Baker
Houston, Texas 77002

HCSO
N HOUSTON
TX 773
23 JUL '15
PM 11



U.S. POSTAGE >> PITNEY BOWES
ZIP 77002   $ 000.70⁵
02 1W
0001374179 JUL. 23. 2015

LEGAL MAIL

14ᵗʰ District Court of Appeal
1307 San Jancinto 11ᵗʰ floor
Houston, TX 77002

DIGENT

7700270l8l8

OUNTY SHERIFF'S OFFICE JAIL
mes Applon
6566 Cell: 3C1
30 Baker
Houston, Texas 77002

N. HOUSTON HCSO
TX 773
23 JUL '15
PM 7 L



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002 $ 000.70⁵
02 1W
0001374179 JUL. 23 2015

INDIGENT

Legal Mail

14th District Court of Appeals
1307 San Jacinto 11th floor
Houston, TX 77002

77002701818